UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DAMIEN NELSON**                        **CIVIL ACTION NO.  2:11-CV-1688**
     **FED. REG. #05711-084**

                                                         **SECTION P**

**VERSUS**

                                                        **JUDGE MINALDI**

**J. P. YOUNG**                                 **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is the *pro se habeas corpus* petition of Damien Nelson[1] filed pursuant to 28 U.S.C. § 2241 on September 15, 2011.  Doc. 1.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO).  Petitioner names Warden J.P. Young as defendant herein.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### *Statement of the Case*

On July 26, 1996, a jury found petitioner guilty of conspiring to commit bank robbery in violation of 18 U.S.C. § 371, aggravated bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).  Doc.1, att. 3, p. 13.  On December 3, 1996, he was sentenced to a total term of 216 months incarceration.  *Id.*

---

[1] The correct spelling of petitioner's name is Damion Nelson.

-2-

Nelson appealed and the United States Court of Appeals for the Fourth Circuit affirmed his convictions on April 17, 1998. *U.S. v Nelson,* 139 F.3d 895 (4th Cir.1998). Petitioner then filed a petition for writ of certiorari, which the United States Supreme Court denied on June 8, 1998. *Nelson v. U.S.,* 524 U.S. 920 (1998).

From 2008 through 2011, petitioner filed at least four motions to vacate pursuant 28 U.S.C. § 2255. *See USA v Nelson, et al,* No. 95-cr-00051 (U.S.Dist. Ct. W.D. Va.). All of the motions were dismissed. *Id*

In the instant writ of *habeas corpus* petitioner claims that he is innocent of the offenses that he was convicted of, that his attorney was ineffective, that his plea of not guilty was unintelligent and involuntary, and that his conviction was fundamentally defective.

*Law and Analysis*

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 such as that filed by plaintiff here are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). By contrast a Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990). Here, petitioner collaterally attacks his incarceration arguing errors with regard to his federal conviction. Since petitioner is contesting errors occurring prior to or at sentencing, and not the manner in which the sentence is being executed, his claim is more appropriately raised in a § 2255 Motion to Vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict

-3-

may file a writ of *habeas corpus* pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255.

A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830.

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Consequently, he is unable to carry his burden of proving that his § 2241 petition falls under the savings clause of § 2255, and he may not avail himself of § 2241 relief in this case. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 must be dismissed for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 30th day of January, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE